Hall, J.
delivered the opinion of the Court.
It has been objected that parol evidence should not be introduced to prove the contents of the bond, because the act on this subject declares that, on every trial, an obligation for the amount of the money, &c. bet, shall be produced—That is true, and the Legislature no doubt had it in view to compel parties to produce evidence of higher dignity, as to racing contracts, than before by the rules of law *241 were required. But before that act passed, had the sum bet and won been secured by a written obligation, it was incumbent on the plaintiff to produce it. So it is in all cases necessary to produce the instrument of writing on which a suit is brought; and this can only be dispensed with where it appears that such instrument has been lost through accident; in such case, the plaintiff will be excused and may give evidence of its contents. So with respect to the bond in question, the act requires it to be produced; but if satisfactory evidence of its loss by accident be given, parol evidence of its contents should be received.
It has been objected that the articles should not be received as evidence, because the contract which they contain was made prior to the date of the articles, but not committed to writing until the day they bear date. Whilst the contract stood as a mere contract by parol, it was a nullity;—but the moment it was committed to writing, it became for the first time, such a contract as the Act of Assembly recognizes, and of course, it was proper to receive it as evidence. So far the superior court acted correctly. But it appears from the case sent up, that the plaintiff himself was introduced to prove the loss of the obligation. It is a very general rule that a party shall not be a witness in his own cause; any exception from that rule must be founded in necessity. Now it is very true, that the party himself very frequently is the only witness of the loss, of a paper; and if there could not be a remedy for him without the aid of his own testimony, it ought to be received from the necessity of the case. In answer to this, it may be observed, that he has a remedy in Equity, where he will be at liberty to swear to the loss of the obligation, and where the defendant will also be at liberty to make any answer he pleases upon oath, and when, too, if a decree is made for the complainant, it will be upon condition that he enters into bond to indemnify the defendant against any demand which may be made *242 against him in consequence of such lost bond. It seems not to be right, that the plaintiff shall be permitted to become a witness at law, and not the defendant. Suppose the plaintiff swears at law that he has lost the bond, the defendant will not be permitted to swear that he has paid it, taken it up and destroyed it. It seems wrong that the parties should stand upon any other than equal grounds. In a court of equity they will both be heard upon oath. The plaintiff can require no more than that he may proceed at law, if he can make out the loss of the obligation by disinterested testimony. I repeat again, if he wishes to become a witness in his own cause, let him bring his suit in equity.
A new trial should be granted.